**QIU YUE HUANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 08–2060–ag.**

United States Court of Appeals, Second Circuit.

Aug. 18, 2009.

Henry Zhang, Zhang & Associates, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Stephen J. Flynn,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as the respondent in this case.

Senior Litigation Counsel; Arthur L. Rabin, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, PIERRE N. LEVAL and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Qiu Yue Huang, a native and citizen of the People's Republic of China, seeks review of the April 3, 2008 order of the BIA affirming the August 23, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiu Yue Huang,* No. A96 335 526 (B.I.A. Apr. 3, 2008), *aff'g* No. A96 335 526 (Immig. Ct. N.Y. City Aug. 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Petitioner challenges the findings that formed the basis for the IJ's adverse credibility finding. An adverse credibility determination must be "based on specific, cogent reasons bearing a legitimate nexus to the determination." *Belortaja v. Gon-*

*zales,* 484 F.3d 619, 626 (2d Cir.2007). Material inconsistencies that go "to the heart of [the] petitioner's claim for relief" may serve as the basis for an adverse credibility determination. *Hongsheng Leng v. Mukasey,* 528 F.3d 135, 141–42 (2d Cir.2008) (per curiam) (quotation marks omitted).

The IJ's adverse credibility determination was based on several specific findings that went to the heart of the Petitioner's claim—the alleged raid by Chinese authorities on the Petitioner's underground church in China and the subsequent search for her. *See Hongsheng Leng,* 528 F.3d at 141. The IJ observed that the Petitioner initially testified that she did not know the names of any church member who was arrested, but later testified that her mother was detained. The Petitioner also initially testified that her mother was detained for ten days, but then testified that her mother was detained for more than twenty days. The IJ asked the Petitioner to explain how her mother could be detained for twenty days and call the Petitioner from home ten days after the alleged raid to notify the Petitioner that police were searching for her.

Although the IJ gave the Petitioner a chance to reconcile this discrepant testimony, *see Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006), her explanations only revealed more inconsistencies. The Petitioner stated that her father, not her mother as previously indicated, told her that police were searching for her. In her brief to this Court, the Petitioner does not challenge that she testified inconsistently as to who actually told her the police were searching for her. Accordingly, any challenge to that finding has been waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

The IJ reasonably considered the inconsistencies in the Petitioner's testimony to

be material and to support an adverse credibility determination. Having called the Petitioner's testimony into question, the IJ legitimately noted that the absence of corroborating evidence relating to her alleged practice of Christianity in the United States further supported the adverse credibility determination. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 107 (2d Cir.2006).

Ultimately, the record supports the agency's conclusion that the Petitioner was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hongsheng Leng,* 528 F.3d at 141. Because the Petitioner's asylum and withholding of removal claims were based on the same factual predicate, the adverse credibility determination was fatal to both claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because the Petitioner failed to exhaust before the BIA her argument that the IJ did not make a separate determination regarding her eligibility for CAT relief, we are without jurisdiction to consider any such claim. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.